IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASSAN M. TARABEIN, # 16872-003, | * * * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 24-00063-TFM-B * |
| KATHRYN SCOTT, *et al.*, | * * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Plaintiff Rassan M. Tarabein ("Tarabein"), a federal prisoner proceeding without an attorney, filed a complaint accompanied by more than 400 pages of exhibits. (Docs. 1, 1-1). When he filed his complaint, Tarabein neither paid the filing fee for a civil action nor filed a motion to proceed without prepayment of fees as required.

Accordingly, in an order dated March 5, 2024, the Court ordered Tarabein to file a motion to proceed without prepayment of fees on this Court's standard form for such motions on or before April 5, 2024. (Doc. 2 at 1). In lieu of filing a motion to proceed without prepayment of fees, Tarabein was given the option

---

[1] This action was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3).

1

to pay the $405.00 filing fee for a civil action on or before April 5, 2024. (Id. at 2).

In the same order, the Court found that Tarabein's complaint was deficient, and that it was therefore necessary for Tarabein to replead his claims in an amended complaint. (Id. at 2). The Court explained that Tarabein's complaint was an impermissible "shotgun pleading" because it failed to identify what claims for relief he was asserting against each defendant, failed to separate his claims for relief into different counts, and failed to state his allegations in numbered paragraphs limited as far as practicable to a single set of circumstances. (Id. at 12-13). The Court also found that Tarabein's complaint was deficient because it did not contain a short and plain statement of the grounds for federal subject matter jurisdiction and did not affirmatively allege facts establishing the existence of federal jurisdiction. (Id. at 13). The Court further explained that Tarabein's complaint violated Federal Rule of Civil Procedure 20(a)(2) by impermissibly joining several unrelated claims and defendants in a single action, and the Court informed Tarabein that he needed to assert unrelated claims against different defendants in separate actions. (Id. at 13-16). Finally, the Court noted that Tarabein named two purely fictitious defendants and informed him that fictitious party pleading is generally not permitted in federal court. (Id. at 16).

The Court struck Tarabein's complaint from the docket and granted him leave to file an amended complaint on or before April 5, 2024. (Id. at 17). The Court informed Tarabein that his amended complaint needed to address and correct the noted deficiencies in his original complaint, allege a valid basis for federal subject matter jurisdiction, and comply with the rules governing joinder of defendants. (Id. at 17-19). The Court expressly cautioned Tarabein that if he failed to file an amended complaint within the ordered time, or if he failed to either file a motion to proceed without prepayment of fees or pay the $405.00 filing fee within the ordered time, the undersigned would recommend that this action be dismissed. (Id. at 19). The Court further cautioned Tarabein that if he timely filed an amended complaint that did not fully address and correct the noted deficiencies in his original complaint, the undersigned would recommend that this action be dismissed. (Id.).

The Court informed Tarabein of the applicable pleading standards for a complaint in federal court, including what is required to state a claim for relief, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" which violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id. at 9-11 & n.4). The Court also explained to Tarabein the need to affirmatively allege facts demonstrating the existence of jurisdiction, the

3

three different types of federal subject matter jurisdiction, and the requirements to properly invoke diversity and federal question jurisdiction. (Id. at 7-9). The Court directed the Clerk to send Tarabein copies of this Court's form for a motion to proceed without prepayment of fees in a prisoner action and this Court's Pro Se Litigant Handbook. (Id. at 19-20). It encouraged Tarabein to review the Pro Se Litigant Handbook carefully and utilize it in drafting an amended complaint so as to avoid repetition of his pleading errors. (Id. at 20).

On April 1, 2024, Tarabein filed a motion titled "Motion to Unstricke Complaint and to Extend Time to File an Amendment." (Doc. 4). In the motion, Tarabein requested that the Court unstrike his initial complaint, extend the time for him to file an amended complaint by thirty days, and grant him leave to proceed *in forma pauperis*. (Id.).

In an order dated April 5, 2024, the Court denied Tarabein's request to unstrike his deficient initial complaint but granted his request for an extension of time to file an amended complaint. (Doc. 5 at 1). The Court also denied Tarabein's request to be granted IFP status without filing a completed motion to proceed without prepayment of fees on the Court's form, but it extended the deadline for Tarabein to either file a motion to proceed without prepayment of fees on the Court's form or pay the filing fee. (Id. at 2-3). Specifically, the Court granted Tarabein leave

4

to file an amended complaint on or before May 6, 2024, and it ordered Tarabein to either pay the $405.00 filing fee or complete and file a motion to proceed without prepayment of fees on this Court's form by May 6, 2024. (Id. at 1-3).

In the order dated April 5, 2024, the Court reminded Tarabein that his amended complaint needed to address and correct the noted deficiencies in his original complaint and comply with the pleading directives set out in the previous order. (Id. at 1-2). The Court once again cautioned Tarabein that if he failed to file an amended complaint within the ordered time, or if he filed an amended complaint that did not fully address and correct the noted deficiencies in his original complaint, the undersigned would recommend that this action be dismissed. (Id. at 2). The Court likewise cautioned Tarabein that if he did not either pay the filing fee or file a completed motion to proceed without prepayment of fees on the Court's form within the ordered time, the undersigned would recommend that this action be dismissed for failure to prosecute and to obey the Court's orders. (Id. at 3). The Court directed the Clerk to send Tarabein a copy of his original complaint and exhibits for his reference, and to send him copies of this Court's forms for a 42 U.S.C. § 1983 prisoner

complaint[2] and a motion to proceed without prepayment of fees in a prisoner action. (Id.).

To date, Tarabein has not filed an amended complaint, despite being directed to file an amended complaint on or before May 6, 2024. Likewise, Tarabein has not paid any portion of the filing fee and has not filed a motion for leave to proceed without prepayment of fees on this Court's form, despite being ordered to do one of those things on or before May 6, 2024. Tarabein has not requested an additional extension of time to comply with the Court's directives, he has not indicated that some factor beyond his control prevented him from timely complying with the Court's directives, and he has provided no explanation for his failure to timely comply with the Court's orders. Additionally, the docket reflects that the Court's orders and accompanying documents have not been returned as undeliverable, and an online search reveals that Tarabein is still incarcerated at FPC Montgomery, where the orders and accompanying documents were sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x

---

[2] Although Tarabein did not indicate in his original complaint that he was proceeding under 42 U.S.C. § 1983 (see Doc. 1 at 1), the undersigned directed the Clerk to furnish him a copy of this Court's § 1983 prisoner complaint form out of an abundance of caution.

6

912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Tarabein has made no apparent attempt to comply with the Court's orders directing him to file an amended complaint and to either file a completed motion to proceed without prepayment of fees on the Court's form or pay the filing fee. Nor has Tarabein explained his failure to comply with the Court's orders, indicated that he is unable to comply, or sought additional time within which to comply. Tarabein's lack of response suggests that he has lost interest in and abandoned the prosecution of this

7

action. In light of Tarabein's failure to prosecute this action and to obey this Court's orders, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce Tarabein's compliance.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

8

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **May, 2024.**

                                                 /s/ SONJA F. BIVINS
                                         **UNITED STATES MAGISTRATE JUDGE**