**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RASSAN M. TARABEIN,** | ) |
| **#16872-003** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIV. ACT. NO. 1:24-cv-63-TFM-B** |
| | ) |
| **KATHRYN SCOTT, *et al.,*** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

On May 20, 2024, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders.  *See* Doc. 6.  No objections were filed, however, Plaintiff did attempt to file an amended complaint that largely mirrors the one he filed in *Tarabein v. Pensacola Airport Police, et al.*, Civ. Act. No. 1:24-cv-100 (S.D. Ala.).  *See* Doc. 7.  He does not seek leave to amend his complaint nor does he explain why he failed to comply with the Court's prior orders.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th

Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).   Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his complaint on February 29, 2024 (Doc. 1), Plaintiff was instructed to pay the filing fee or file a motion to proceed *in forma pauperis*.   *See* Doc. 2.   The Magistrate Judge also gave extensive instructions on the deficiencies of the original complaint and instructed Plaintiff to file an amended complaint by April 5, 2024.   *See* Doc. 2.   Instead of filing the appropriate paperwork, Plaintiff filed a "Motion to Unstricke Complaint and to Extend Time to File an Amendment" (Doc. 4).   The Magistrate Judge once again gave Tarabein clear instructions that he may file an amended complaint by May 6, 2024 and that it must address the previously noted deficiencies.   *See* Doc. 5.   The Magistrate Judge also made it clear that Tarabein must still complete a motion to proceed *in forma pauperis* or pay the $405.00 filing fee by May 6, 2024.   *Id.*

Despite those clear instructions, Plaintiff still has not paid the filing fee or requested to proceed *in forma pauperis*.   Instead, well over a month beyond the deadline and after the Report and Recommendation as entered, Plaintiff filed an amended complaint.   *See* Doc. 18.   He does nothing to address the issue of the filing fee or a motion to proceed *in forma pauperis*.   Therefore, the Court finds that he still failed to comply with the Court's orders and is subject to dismissal under Rule 41(b).

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of

the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure

to obey the Court's orders.[1]

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 24th day of June, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address whether this constitutes failure to prosecute now that he filed an amended complaint because the standard is the same under Rule 41(b).  Instead, it is clear that Plaintiff still failed to comply with the directive to pay the filing fee or request to proceed *in forma pauperis* with a properly supported motion.